**Corrected**

# In the United States Court of Federal Claims

No. 22-53

(Filed: April 27, 2022)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **CLEVELAND DAVID HALL, II,** | ) )  ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| **UNITED STATES,** | ) ) ) |
| Defendant. | ) ) ) ) |

Cleveland David Hall, II, *pro se*, Marietta, Georgia.

Christopher Chellis, Trial Attorney, Environment & Natural Resources Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief was Todd Kim, Assistant Attorney General, Environment & Natural Resources Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

Plaintiff, Cleveland David Hall, II, brings suit against the "the U[nited] S[tates] and S[tate of] O[regon]." Compl. at 4, ECF No. 1. Pending before the court is defendant's ("the government") motion to dismiss for lack of subject-matter jurisdiction. *See* Def.'s Mot. to Dismiss ("Def.'s Mot"), ECF No. 8. The court ordered the government to re-attempt service of its motion on Mr. Hall after he claimed not to have received the motion and gave plaintiff thirty days from that date of service to respond. *See* Order of March 24, 2022, ECF No 9. Plaintiff's response was due April 21, 2022, and no response was filed on that date or any time thereafter.[1]

---

[1] On March 7, 2022, plaintiff filed a motion for default judgment claiming the government had failed to respond within forty days of the service of the complaint. *See* Pl.'s Mot. for Default Judgment, ECF No. 7. Rule 12 of the Rules of the Court of Federal Claims ("RCFC") gives the government sixty days to file an answer to a complaint. RCFC 12(a)(1)(A). Mr. Hall filed his complaint on January 14, 2022, and the government filed its motion to dismiss on March 9, 2022, within the sixty-day period. *See* Def.'s Mot. Mr. Hall filed a second motion for an entry of default judgment on April 12, 2022. *See* ECF No. 10. Both motions are DENIED.

The case is ready for disposition. For the following reasons, the government's motion is GRANTED.

The government asserts that Mr. Hall's complaint "do[es] not describe a claim over which this [c]ourt holds jurisdiction." Def.'s Mot. at 4. Defendant indicates that the invoices attached to Mr. Hall's complaint were addressed to a state court "as opposed to a department of the federal government" and that Mr. Hall did not allege he was an "officer or agent of, or contractor with, the United States, or a guarantor, surety, or personal representative of any such officer, agent or contractor" as required by 28 U.S.C. § 1494 under which Mr. Hall claimed this court had jurisdiction. *See* Compl. ¶ 1(d); Def.'s Mot. at 4 (quoting 28 U.S.C. §1494). In all events, Mr. Hall primarily appears to be seeking redress from the State of Oregon and the S[tate] [of] O[regon] S[tate] P[atrol]." Compl. ¶ 5. The government further emphasizes that Mr. Hall has not claimed that the federal government took his property but rather the State of Oregon State Patrol allegedly did so. Def.'s Mot. at 5-6.

The court has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).[2] Because § 1491(a)(1) does not create an independent cause of action, a "plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages *against the United States*." *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (emphasis added). In his complaint, Mr. Hall invokes the Fifth Amendment, arguing he is entitled to just compensation for an alleged taking of "[t]rust property." Compl. at 2; ¶ 5. However, to allege a valid Fifth Amendment claim, a plaintiff must show that the federal government has taken his or her property. Mr. Hall does not assert a claim against the United States but rather against the State of Oregon or the State of Oregon State Patrol. The court may not hear claims against state actors. The court therefore dismisses Mr. Hall's complaint for lack of subject-matter jurisdiction.

---

[2] Mr. Hall alleged that the court's jurisdiction was premised on 28 U.S.C. § 1494, *see* Compl. ¶ 1(d). That statute requires plaintiff to be an "officer or agent of, or contractor with, the United States, or a guarantor, surety, or personal representative of any such officer, agent or contractor." 28 U.S.C. § 1494. Mr. Hall has not alleged he is such a qualifying person. Therefore, the court's jurisdiction under that statute is not invoked. Because Mr. Hall also invokes the Fifth Amendment, the court analyses his complaint under 28 U.S.C. 1491 as well. *See Naskar v. United States*, 82 Fed. Cl. 319, 320 (2008) ("[C]omplaints drafted by pro se litigants are held to 'less stringent standards than formal pleadings drafted by lawyers.'") (citation omitted).

The Clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

                                          s/Charles F. Lettow
                                          Charles F. Lettow
                                          Senior Judge